**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BOSTON GAS COMPANY d/b/a KEYSPAN ENERGY DELIVERY NEW ENGLAND,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No:  07-10701RWZ

**CENTURY INDEMNITY COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Century Indemnity Company ("Century") respectfully moves to dismiss Boston Gas Company's ("Boston Gas") Complaint.  The grounds for Century's Motion are as follows:

1.      In October 2002, Boston Gas commenced suit in this Court seeking a declaration that Century is required to indemnify it for 100% of all costs incurred and to be incurred in the cleanup of various sites allegedly contaminated by the manufactured gas plant ("MGP") operations of Boston Gas and/or its predecessors (the "Coverage Action").[1]

2.      Neither the original Complaint nor the two Amended Complaints in the Coverage Action contained any claim that Century had violated the duty of good faith and fair dealing or chapter 93A of the Massachusetts General Laws.

3.      On June 25, 2004, nearly two years after filing the Coverage Action and three months after filing a motion for summary judgment, Boston Gas requested leave to amend the Complaint in the Coverage Action to add claims against Century for the alleged violation of the duty of good faith and fair dealing and chapter 93A of the Massachusetts General Laws.

---

[1] The Coverage Action, which is currently pending before Your Honor, is styled *Boston Gas Co. d/b/a KeySpan Energy Delivery New England v. Century Indem. Co.*, No. 02-12062RWZ.

4.      Century opposed Boston Gas' request to amend in the Coverage Action on the grounds that: (1) amending the Complaint to assert "bad faith" would have been futile, because Boston Gas could not demonstrate that the proposed amendments were "supported by substantial and convincing evidence"; and (2) Boston Gas was well aware of the purported facts giving rise to the alleged "bad faith" claims for years, and (3) its delay in adding those claims to the Coverage Action amounted to impermissible gamesmanship that worked to prejudice Century. *See* Pacer #179.

5.      On January 21, 2005, the Court agreed with Century and denied Boston Gas' request for leave.  *See* Jan. 21, 2005 Order, annexed hereto as Ex. A.

6.      On April 11, 2007, despite having its attempt to introduce a "bad faith" claim in the Coverage Action denied by this Court, Boston Gas filed the instant action, which, like the proposed (but never filed) amended complaint in the Coverage Action, seeks damages for Century's alleged violation of the duty of good faith and fair dealing and chapter 93A of the Massachusetts General Laws.

7.      As demonstrated in Century's accompanying memorandum of law, there is significant overlap between the allegations in this action and those that the Court previously prohibited Boston Gas from asserting in the Coverage Action.

8.      The only substantive difference between the "bad faith" claims that the Court prohibited Boston Gas from asserting in the Coverage Action and the present claims in this action is that Boston Gas has added allegations concerning Century's conduct during the course of the Coverage Action and related settlement negotiations.

9.      Under well-established First Circuit precedent, because a policyholder's coverage and "bad faith" claims arise from the same transaction (namely, the insurer's alleged refusal to

pay), the claims may not be split into separate actions, even where the policyholder seeks to support its "bad faith" claim with allegations of the insurer's conduct during the course of the coverage litigation.  *See Porn v. National Grange Mut. Ins. Co.*, 93 F.3d 31 (1st Cir. 1996); *see also* RESTATEMENT (SECOND) JUDGMENTS § 24.

10.     In *National Grange*, the First Circuit adopted the following factors set forth in the Restatement (Second) of Judgments to define a cause of action with respect to *res judicata* (a doctrine closely related to "claim splitting"):  1) whether the facts are related in time, space, origin, or motivation; (2) whether they form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations.  *See* RESTATEMENT (SECOND) JUDGMENTS §24(2).

11.     Here, the Restatement factors clearly support the conclusion that Boston Gas is attempting to engage in improper claims splitting.

12.     Under the first Restatement factor, Boston Gas' coverage and "bad faith" claims claim clearly arose from Century's alleged refusal to pay, and thus are related in origin.  *See National Grange*, 93 F.3d at 35 and 35 n.3 (employing same analysis).

13.     With respect to the second Restatement factor, even if Boston Gas argues that the evidence relating to the "bad faith" claim could act to prejudice Century's defense of the contract claim, and therefore the two claims were not a convenient trial unit, this problem could have been addressed simply by bifurcation, which would have allowed "the evidence common to both claims, which was considerable, [to be] presented at once and not in separate lawsuits commenced at a distance of months or years."  *Id.* at 36.

14.     As to the final Restatement factor, Boston Gas could have reasonably expected to bring its coverage and "bad faith" claims together, given that it was well aware of the facts

necessary to bring its "bad faith" claim prior to filing the Coverage Action (a point Century made at length in its opposition to Boston Gas' motion for leave to filed the Third Amended Complaint in the Coverage Action, and evidently agreed with by the Court).  *See id.* at 37.

15.     In addition, the rule against "claim splitting" is intended to prevent the very type of duplicative discovery and resulting waste of judicial resources that would result if Boston Gas were permitted to pursue its "bad faith" claims in this action and force Century to duplicate much of the discovery it and Boston Gas have already taken in the Coverage Action, which this Court would have to again oversee.

16.     Because Boston Gas cannot split its "bad faith" claim from its claims in the Coverage Action, Boston Gas' Complaint in this action fails to state a claim upon which relief may be granted, and should be dismissed.

**WHEREFORE**, Century respectfully requests that Boston Gas' Complaint be dismissed.

Respectfully submitted,

Dated:  May 11, 2007

/s/ David B. Chaffin_____
David Chaffin
(BBO #549245)
**HARE & CHAFFIN**
160 Federal Street, Floor 23
Boston, MA 02110-1700
(617) 330-5000

Of counsel:

Guy A. Cellucci
Patricia B. Santelle
Shane R. Heskin
**WHITE AND WILLIAMS LLP**
1800 One Liberty Place
Philadelphia, PA  19103-7395
(215) 864-7000

**Attorneys for Defendant,
Century Indemnity Company**

-4-

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, counsel for Century certify that they have personally conferred with counsel for Boston Gas, and that an agreement with respect to this motion could not be reached.

/s/David B. Chaffin
David B. Chaffin

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 11, 2007.

/s/David B. Chaffin
David B. Chaffin