UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
BOSTON GAS COMPANY d/b/a KEYSPAN      )
ENERGY DELIVERY NEW ENGLAND,          )
                                      )
              Plaintiff,              )
                                      )
v.                                    )   Civil Action No.: 07-10701
                                      )
CENTURY INDEMNITY COMPANY,            )
                                      )
              Defendant.              )
```

**BOSTON GAS COMPANY'S OPPOSITION TO
CENTURY'S MOTION TO DISMISS THE COMPLAINT**

Plaintiff Boston Gas Company d/b/a KeySpan Energy Delivery New England ("Boston Gas") opposes the Motion to Dismiss the Complaint filed by Defendant Century Indemnity Company ("Century"). Century's Motion argues that this Court's denial of Boston Gas' motion to amend the Complaint in the separate insurance coverage against Century (the "Coverage Action"), has given Century a blank check to engage in bad faith conduct against Boston Gas that continues unabated. The law, however, is to the contrary.

Century's Motion should be denied for three reasons. First, under controlling Supreme Court precedent, which Century ignores, considerations of claims preclusion do not apply to this action, because it is based primarily on Century's bad faith conduct that post-dates the commencement of the Coverage Action. Indeed, the most significant facts that gave rise to this action are Century's failure to settle the Coverage Action when its liability for the Everett site trial became clear, and its scorched-earth litigation tactics; this conduct did not arise until *after* Boston Gas filed the complaint in the Coverage Action. Second, the Complaint in this action alleges facts that were unknown to Boston Gas when it filed the complaint in the Coverage Action and thus could not be included in that complaint. Third, even under its

incorrect analysis, Century has not demonstrated that this action and the Coverage Action are sufficiently identical pursuant to the test set forth in *Porn v. National Grange Mutual Insurance Co.*, 93 F.3d 31 (1st Cir. 1996) ("*National Grange*").

Although the Court denied Boston Gas' motion to amend the complaint in the Coverage Action, that ruling was based on scheduling concerns. The Court denied the motion solely "on the grounds that it's too late. We can't keep starting over again." Dec. 1, 2004 Hearing Tr., 7:15-19 (attached hereto as Exhibit A). The Court's denial of Boston Gas' motion to amend merely was intended to keep the Coverage Action moving towards a prompt and speedy resolution, a goal which Century has thwarted through its litigation tactics and its refusal to settle Boston Gas' claims. The Court's denial of Boston Gas' motion to amend did not address the merits of Boston Gas' claims and, therefore, has no bearing on the Court's decision here. *Integrated Techs., Ltd. v. BioChem Immunosystems (U.S.) Inc.*, 2 F. Supp. 2d 97, 103 (D. Mass. 1998) ("*Integrated Technologies*") (finding that the denial of a motion to amend which seeks leave to add a new claim to an existing case should have no bearing on whether plaintiff may file the new claim as a separate lawsuit, unless the denial of leave to amend is itself based on, and thus constitutes, an adjudication of the merits of such proposed new claim).

I.   **STATEMENT OF FACTS**

Boston Gas filed the Coverage Action in October 2002, seeking insurance coverage for twenty-eight former manufactured gas plant ("MGP") sites and one other environmental site (collectively the "MGP Claims"). At the time that it filed the complaint in the Coverage Action, Boston Gas knew only from Century's responses to Boston Gas' notice letters that Century had "reserved its rights" with respect to these claims. During discovery in the Coverage Action, Boston Gas learned for the first time that Century had performed no claims investigation with respect to Boston Gas' claims. These facts formed the basis for Boston Gas' motion to amend

the complaint in the Coverage Action, which the Court denied solely on timeliness grounds on December 1, 2004.

These claims-handling facts were repeated in part in the Complaint in this action. They could not have been included in the Coverage Action complaint, because Boston Gas only learned of them two years later, during discovery. Century's claims-handling activities, however, are not the central thrust of this action.

The main allegations in this action implicate Century's wrongful failure to settle Boston Gas' claims, particularly the Everett site claim, and its improper litigation tactics, all of which post-date Boston Gas' commencement of the Coverage Action. Century's bad faith conduct, which is set forth more fully in the Complaint, includes the following:

1. More than two years after Boston Gas filed the Coverage Action, Century requested that Boston Gas provide it with an offer to settle the Coverage Action. In April 2004, in response to this request, Boston Gas offered to settle its claims with respect to all twenty-nine MGP sites for $41.9 million. Century refused even to meet with Boston Gas for one year, and still has not responded seriously to Boston Gas' settlement proposal.

2. Despite the trial verdict related to the Everett site in the Coverage Action against Century and despite its own counsel's representations that it would settle Boston Gas' MGP Claims, Century refused Boston Gas' settlement offer following the Everett site trial, making only a de minimis effort to settle or otherwise resolve the insurance claims.

3. Century has prolonged the Coverage Action litigation by presenting spurious defenses (many of which were later withdrawn), initiating unnecessary discovery disputes, and filing unnecessary and meritless discovery motions.

4. In its most recent demonstration of bad faith, Century filed motions for summary judgment related to the North End and South Boston sites, demanding that Boston Gas prove its own liability to third parties at the sites in order to defeat Century's motion for summary judgment.

Century's claims-handling activities and its post-complaint conduct have not been at issue in the Coverage Action. Indeed, none of Century's claims handlers have testified in either

3

of the two site trials in the Coverage Action. The earlier trials instead focused mostly on historical MGP operations, site investigation and remediation, and expert testimony on those issues.

## II. ARGUMENT

### A. Motions To Dismiss Should Be Granted Only If The Complaint Presents No Set Of Facts Justifying Recovery

It is well settled that a court should dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Gorski v. N.H. Dep't of Corrections*, 290 F.3d 466, 473 (1st Cir. 2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Raytheon Co. v. Cont'l Cas. Co.*, 123 F. Supp. 2d 22, 26 (D. Mass. 2000). In *Raytheon*, the court denied the insurance company's 12(b)(6) motion to dismiss bad faith claims, finding that the complaint sufficiently stated a claim wherein it alleged that the insurance company "failed to act reasonably promptly upon communications," "failed to promptly provide a reasonable explanation of the basis for the denial of [the policyholder's] claims," and "repeatedly asked for the same information." *Id.* at 31-32.

### B. Claim Preclusion Doctrines Do Not Bar This Action Because Century's Wrongful Conduct Is Ongoing And Post-Dates The Filing Of The Coverage Action

Century asserts that this action should be precluded based on the rule against "claim splitting." "[C]laim splitting is based on the same principles as res judicata." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 n.4 (D. Md. 2004); *see also Mayer v. GSI Lumonics, Inc.* 433 F.3d 123, 126 (1st Cir 2005) (noting that res judicata promotes judicial efficiency and prevents claim splitting). This action, however, should not be precluded

based on claim splitting, or any claim preclusion grounds, because it is based on ongoing conduct that post-dates the filing of the Coverage Action.

The Supreme Court has held that claim preclusion does not apply when the plaintiff's second suit grows out of facts not in existence at the time of the first suit. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328-29 (1955). Other courts, relying on *Lawlor*, have recognized that a contrary policy would be against the interest of justice, because it would grant the offending party immunity from future liability based on its ongoing conduct. *See Minarik Elec. Co. v. Electro Sales Co.*, 223 F. Supp. 2d 334, 340 (D. Mass. 2002) (citing *Lawlor*, 349 U.S. at 329).

More recently, in *HipSaver Co. v. J.T. Posey Co.*, No. 05-10917-PBS, 2007 WL 1417446, at *7 n.2 (D. Mass. May 15, 2007) (citing *National Grange*, 93 F.3d at 34), the court made clear that res judicata does not bar claims that a plaintiff does not know about at the time it files an earlier action. (A copy of the *HipSaver* decision is attached hereto as Exhibit B.) In *Sensormatic*, a case cited by Century, the court denied a defendant's motion to dismiss a complaint, finding that claim splitting and res judicata did not apply where the second action was based on new conduct:

> While claim splitting and the principles of res judicata prohibit a Plaintiff from prosecuting its case piecemeal, *see Haytian Republic*, 154 U.S. 118, 14 S. Ct. 992, 38 L. Ed. 930 (1894), a party is not barred from bringing in a subsequent action those claims that could not have been included in the original suit — even if they are related, or arise out of, the previously filed claim.

*Sensormatic*, 329 F. Supp. 2d at 582 (citing *Lawlor*).

In *Integrated Technologies*, the court found that a second action based on a new claim is not barred on claim preclusion grounds unless: (1) the claim is transactionally related to the first action; *and* (2) the claim arose before the first action was filed. 2 F. Supp. 2d at 104-05. The court denied the defendant's motion to dismiss, because the plaintiff asserted in the second

action a viable claim based on conduct that post-dated the filing of the complaint in the first action. *Id.* at 105-06. The court stated that it did not matter whether the first and second actions were transactionally related, because the second action was based on conduct that occurred after the filing of the complaint in the first action. *Id.* at 105.

The Court thus need not consider Century's arguments that this action and the Coverage Action are transactionally related. The Complaint alleges viable claims based not only on evidence discovered after commencement of the Coverage Action, but also on conduct by Century after the Coverage Action began.[1]

### C. This Action Is Not Precluded Because It Is Not Sufficiently Identical To The Coverage Action

Because Century's conduct at issue in this action post-dates commencement of the Coverage Action, this Court does not need to conduct the analysis set forth by the First Circuit in *National Grange*. Even if the Court conducts the analysis set forth in *National Grange*, however, Century's Motion also should be denied, because this action and the Coverage Action are not sufficiently identical. In *National Grange*, the court focused on three factors set forth in the Restatement (Second) of Judgments: (1) whether the facts are related in time, space, origin, or motivation; (2) whether they form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations. 93 F.3d at 34. Applying this analysis to the facts here, this action is not precluded because it is not sufficiently identical to the Coverage Action.

---

[1] The relevant comparison here is between the Complaint in this action and the complaint in the Coverage Action at the time that Boston Gas commenced that action. Century confuses the analysis by comparing the Complaint in this action with the proposed amended complaint in the Coverage Action, an amendment that the Court did not allow. Even under Century's analysis, however, the two actions are not sufficiently identical because many of the facts at the core of the Complaint in this matter occurred after the Court's denial of Boston Gas' motion to amend the complaint in the Coverage Action.

6

1. This Action and the Coverage Action Are Not Sufficiently Related in Time, Space, Origin, or Motivation

Whether the facts of a breach of contract claim and a bad faith claim are related in time, space, origin, or motivation depends on "whether they arise out of the same transaction, seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis." *National Grange*, 93 F.3d at 34. Century cannot meet this test here. In *National Grange*, the defendant insurance company denied insurance coverage and affirmatively refused to make payments to its policyholder. *Id.* at 32. Prior to the policyholder's initiating a coverage action, the policyholder wrote a letter to its insurance company accusing it of bad faith in handling the policyholder's claim, and threatening legal action, but the insurance company still refused to pay the claim. *Id.* The court thus found that this first factor had been met, because the policyholder's contract and bad faith claims derived from the same events (the insurance company's refusal to pay), the two claims sought redress for essentially the same wrong (the insurance company's refusal to pay), and the two claims rested on a similar factual basis (the insurance company's refusal to pay). *Id.* at 35.

In contrast, Century cannot satisfy its burden on this element here, because the thrust of this action is Century's post-complaint bad faith conduct in litigation and settlement negotiations, whereas the Coverage Action concerns facts related to each of the MGP Claims. This action and the Coverage Action also do not seek redress for essentially the same wrong. This action seeks recovery primarily due to Century's bad faith conduct in litigation and settlement negotiations, whereas the Coverage Action seeks recovery because the claims fall within the provisions of Century's policies. Indeed, the results of the Coverage Action are not dispositive of this bad faith action, because a policyholder can have a meritorious bad faith claim even without a separate judgment of contract breach against the insurance company. *Raytheon*, 123 F. Supp. at 31. Lastly, the two actions rest on different facts. This action is based primarily

7

on actions by Century and its attorneys after the Coverage Action commenced, whereas the Coverage Action rests primarily on facts related to the twenty-nine MGP Claims.

        2.       This Action and the Coverage Action Do Not Form a Convenient Trial Unit

Boston Gas' bad faith action and its Coverage Action do not form a convenient trial unit, unlike the scenario presented in *National Grange*. In *National Grange*, the policyholder attempted to recover uninsured motorist benefits related to a single automobile accident and thereafter sought to recover for supposed bad faith by the insurance company related to the company's refusal to pay the uninsured motorist claim. 93 F.3d at 32. The court found that the evidence in the two actions had substantial overlap and that it would have been convenient and efficient for the district court to have heard the two claims together. *Id.* at 36.

In contrast, this action and the Coverage Action do not form a convenient trial unit because the evidence in the actions is different. This action will focus primarily on Century's conduct following 2002, whereas in the two trials held so far in the Coverage Action the evidence has focused on historical MGP operations, site investigations and remediation, and expert testimony on those topics. Neither trial in the Coverage Action has included testimony from Century's claims handlers, but their testimony will be central in this action. Even if there were some overlap in evidence, this Court is presiding over both actions, and will be in a position to police any unfairness to either party arising because of the concurrent proceedings and to oversee an efficient resolution. Thus, there would be no judicial inefficiency caused by the two actions proceeding separately before this Court.

        3.       Treatment of Boston Gas' Bad Faith Claims and Insurance Coverage Claims As a Single Unit Does Not Conform to the Parties' Expectations

Treatment of Boston Gas' bad faith claims and insurance coverage claims as a single unit would not conform to the parties' expectations. Unlike the policyholder in *National*

*Grange*, Boston Gas did not have the facts necessary to bring its bad faith claims at the time it filed the Coverage Action.[2] Accordingly, Boston Gas could not have included claims for bad faith in its complaint in the Coverage Action. Indeed, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, it would have been improper for Boston Gas to have included bad faith claims in the Coverage Action complaint, because Boston Gas did not have sufficient evidentiary support for such bad faith claims at the time it filed the complaint. Boston Gas was unable to adduce evidence to support its bad faith claims until nearly two years after filing the Coverage Action complaint. Additionally, Century's bad faith conduct in litigation and settlement negotiations did not manifest itself until after commencement of the Coverage Action. It is entirely consistent with Boston Gas' expectations to allow it to pursue legal recovery for ongoing bad faith conduct that post-dates the commencement of the Coverage Action.

Century should not be surprised at Boston Gas' filing of this action, because Century's own conduct is the primary basis for this action. It is both illogical and legally incorrect for Century to assert that its conduct since October 2002, and newly discovered evidence, cannot provide the basis for a separate and independent cause of action. *See Lawlor*, 349 U.S. at 328-29; *Integrated Technologies*, 2 F. Supp. 2d at 104-05. Otherwise, Century will have a license to commit bad faith in the remainder of the Coverage Action, a result that is inconsistent not only with claim preclusion but also with the protections afforded to Boston Gas by Massachusetts' common law and consumer protection laws. The Court should therefore deny Century the "bad faith license" that it seeks.

---

[2] In *National Grange*, the court rejected the policyholder's argument that its bad faith claim was not precluded by the insurance company's litigation conduct, since the policyholder unquestionably knew of conduct by the insurance company sufficient to support a bad faith claim at the time it filed its insurance coverage action. *Id.* at 38. In contrast, Boston Gas did not know about *any* basis for its bad faith action until *after* filing the Coverage Action.

9

### III.     CONCLUSION

For all of the foregoing reasons, Boston Gas respectfully requests that the Court deny Century's Motion to Dismiss the Complaint.

**BOSTON GAS REQUESTS ORAL ARGUMENT ON THIS MOTION**

> BOSTON GAS COMPANY D/B/A KEYSPAN ENERGY DELIVERY NEW ENGLAND
>
> By its attorneys,
>
> /s/ David Vick
>
> Martin C. Pentz (BBO#394050)
> Jonathan M. Ettinger (BBO#552136)
> Foley Hoag LLP
> World Trade Center West
> 155 Seaport Boulevard
> Boston, MA 02210-2600
> (617) 832-1196
>
> – and –
>
> David L. Elkind
> John A. Gibbons
> Kenneth B. Trotter
> Dickstein Shapiro LLP
> 1825 Eye Street NW
> Washington, DC 20006-5403
> (202) 420-2200

Dated: June 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Boston Gas Company's Opposition To Century's Motion To Dismiss The Complaint will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 1, 2007.

_____
Kenneth B. Trotter